## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRYAN OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-466 TS |
| | ) | |
| JOHN R. VanNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Bryan Owens, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his forty-five day loss of good time on January 5, 2006, in case MCF 05-12-0454 by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility. Mr. Owens was found guilty of unauthorized possession of a device capable of being used as a weapon in violation of B 228. He raises two grounds in this habeas corpus petition. First, he argues that his property was searched by only one officer in violation of prison policy. Habeas corpus relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief on the basis of a prison rule violation. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Second, he argues that the evidence was insufficient to support the finding of guilt because, "I live in a open dorm and anyone at anytime has access to my box at any time that I'm not there." Petition at ¶ 12.B., DE 1.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

"In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (1985).

Here, the DHB had evidence that the device capable of being used as a weapon was found in his box. This is some evidence that it was his device and that he was guilty of the violation. *See Hill*, 472 U.S. at 456–57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

For these reasons, the habeas corpus petition is **DISMISSED**. *See* Section 2254 Habeas Corpus Rule 4. (" If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

SO ORDERED on October 24, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION